UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                  :
THE UNITED STATES OF AMERICA, EX  :
REL. HILARY BEST,                            :
                                                  :         1:14-cv-3591-GHW
                                Plaintiff(s),  :
                                                    :     MEMORANDUM OPINION
            -against-                      :          AND ORDER
                                                    :
WARDEN, NEW YORK CITY             :
DEPARTMENT OF CORRECTION,    :
                                                   :
                                Defendant(s).  :
                                                   :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/14

GREGORY H. WOODS, United States District Judge:

       Petitioner Hilary Best, currently incarcerated at the Vernon C. Bain Center on Rikers Island, filed a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 on May 19, 2014. Dkts. 1, 2. On June 9, 2014, the Court issued an order denying his petition. Dkt. 6. On July 1, 2014, the Court received a Notice of Appeal from Best dated June 25, 2014. On July 9, 2014, the Court received a letter from Best requesting that the Court "vacate its order and judgment dismissing my federal habeas corpus petition." Dkt. 10. That letter was dated June 1, 2014 and postmarked July 8, 2014. *Id.*

**I.**     **Motion for Reconsideration**

    **A.**     **Jurisdiction**

       Given the nature of the relief requested in Best's letter, the Court construes his request as a motion to "alter or amend a judgment" under Fed. R. Civ. P. 59(e) (a "Rule 59 motion"), also referred to as a motion for reconsideration. As an initial matter, then, the Court must determine whether it retains jurisdiction to entertain Best's Rule 59 motion notwithstanding the notice of

appeal he has filed.  The Supreme Court has held "that a notice of appeal filed after a motion is made to alter or amend a judgment, and before the district court acts on that motion, is 'a nullity.'" *Nw. Nat. Ins. Co. of Milwaukee, Wisconsin v. Alberts*, 937 F.2d 77, 81 (2d Cir. 1991) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61 (1982)); *see also* Fed.R.App.P. 4(a)(4) (a notice of appeal filed before disposition of a timely Rule 59 motion "shall have no effect").  The same principle applies to a motion to alter or amend a judgment filed "*subsequent* to the filing of a notice of appeal," *Bowers v. Andrew Weir Shipping, Ltd.*, 817 F. Supp. 4, 5 (S.D.N.Y. 1993) (citing *Griggs*, 459 U.S. at 61) (emphasis added), as long as the motion itself was timely.  *Id.*; *see also Griggs*, 459 U.S. at 58-60 (noting district courts' "express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed.").  In other words, the effect of a Rule 59 motion on a previously filed notice of appeal is that "the appeal simply self-destructs." *Id.* (quoting 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 204.12 [1], at 4–65 n. 17 (2d ed. 1982)).   Thus, it is clear that whether Best's Rule 59 motion was filed before or after the notice of appeal, this court retains jurisdiction as long as the motion itself was timely filed.  The question, then, is whether Bests's Rule 59 motion was timely.

      Fed. R. Civ. P. 59(e) requires a plaintiff to file a motion to alter or amend a judgment within 28 days from entry of the judgment.  Thus, Best's Rule 59(e) motion must have been filed by July 7 to be considered timely.  Here, it is unclear when exactly Best filed his motion.  Although the Court did not receive Best's letter until July 9, 2014, under the "prison mailbox rule," a submission from an incarcerated pro se litigant is generally deemed to have been filed when it is given to prison officials.  *Noble v. Kelly,* 246 F.3d 93, 97 (2d Cir. 2001); *see also Harrison v. Harlem Hosp.,* 364 F. Appx. 686, 687 (2d Cir. 2010) (summary order).  Furthermore, "in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."  *Hardy v. Conway,* 162 Fed. Appx. 61, 62 (2d Cir. 2006) (summary order).  Best

2

dated his letter June 1, 2014, which was clearly in error as the Court did not issue its opinion until June 9, 2014.  The Court believes that Best most likely meant to date the letter July 1, 2014, given that the envelope was postmarked shortly thereafter, on July 8, 2014.  The Court assumes that the letter was provided to prison officials on the date of its signature.  Thus, the Court deems that the letter was filed on July 1, 2014, and that it was therefore timely under Fed. R. Civ. P. 59(e).  Accordingly, the Court retains jurisdiction to consider the motion notwithstanding the notice of appeal.

      **B.**    **Standard of Review**

The standard governing motions for reconsideration such as a Rule 59 motion under S.D.N.Y. Local Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1994).  On a Local Rule 6.3 motion, "a party may not advance new facts, issues, or arguments, not previously presented to the Court." *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation omitted).  District courts will only alter or amend a judgment "to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

      **C.**    **Application**

The Court assumes familiarity with the facts of this case, as outlined in the June 9, 2014 Opinion.  There, the Court denied Best's habeas petition on two grounds:  (1) under the *Younger* abstention doctrine, federal court abstention is mandatory; and (2) Best failed to exhaust his state court remedies.  With respect to the latter, because Best had filed his petition with the Appellate Division, Second Department, the State Clerk of Court informed him that "[s]ince you are being detained in the Bronx, your writ should be filed in the Appellate Division, First Department."  In its

June 9, 2014 Opinion, this court stated that the State Clerk of Court "correctly" informed Best that his petition must be filed in the department in which he is detained, citing to a case which construes N.Y. CPLR § 7002(b)(2), *Vittor v. New York State Department of Corrections*, No. 13 Civ. 3122, 2014 WL 1922835, at *4 (E.D.N.Y. May 14, 2014).

However, in his letter requesting reconsideration, Best points out that because he is a trial inmate in the City of New York, his petition was filed in the proper venue pursuant to N.Y. CPLR § 7002(b)(5). Best is correct that this provision allows him to file his petition in venues other than the department in which he is detained, namely, the "supreme court in the county in which the charge for which the inmate is being detained is pending" or "to any justice of the supreme court provided that the writ shall be made returnable before a justice of the supreme court held in the county in which the charge for which the inmate is being detained is pending." *Id.* This Court failed to address that fact in its June 9, 2014 Opinion when it endorsed the State Clerk of Court's rejection of his filing as "correct." The Court thanks Best for drawing its attention to this issue.

The fact that N.Y. CPLR § 7002(b)(5) may allow filing in the court selected by the plaintiff and that the State Clerk may have improperly rejected and redirected his pleading, does not, however, affect the Court's holding. As the Court held in its June 9, 2014 Opinion, Best is required to continue to pursue and exhaust his state court remedies before this Court can hear his petition. *See Scranton v. New York*, 532 F.2d 292, 293 (2d Cir. 1976); *Marte v. Berkman*, No. 11 Civ. 6082, 2011 WL 4946708, at *6 (S.D.N.Y. Oct. 18, 2011). To satisfy the exhaustion requirement, a petitioner's grounds for habeas relief must be presented to the highest state court through the state's established review process. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Daye v. Attorney General*, 696 F.2d 186, 190 (2d Cir. 1982), cert. denied, 464 U.S. 1048 (1984). Here, the petitioner has not presented his grounds for relief to the highest state court. A clear path to review of his substantive claims in state court is open to him--petitioner can file his action in the Appellate Division of the First Department.

Filing in that Department is permitted under N.Y. CPLR § 7002(b)(2), as suggested by the State Clerk. Moreover, CPLR § 7002(b)(5) itself expressly permits a petition for a writ to be made "to the appellate division in the department in which he is detained . . . ," in this case, the Appellate Division of the First Department. Alternatively, to the extent that Best wishes to challenge the State Clerk of Court's determination that his petition was improperly filed in the Appellate Division, Second Department, he may do so through the state's review process.[1] In either case, Best's petition is not properly before this Court because he has not exhausted his state review process.

The cases that Best cites in his letter requesting reconsideration, *People ex rel. Morris v. Skinner*, 323 N.Y.S.2d 905 (N.Y. Sup. Ct. 1971) (holding that habeas relief is warranted where detention is by virtue of a subject matter jurisdictionally defective charging instrument) and *People ex rel. Siegal*, 11 N.Y.2d 167-168 (N.Y. 1962) (same), are not to the contrary. These cases do not hold that *federal* habeas relief is warranted in the event that a person has been detained by virtue of a jurisdictionally

---

[1] The State Clerk referenced only N.Y. CPLR § 7002(b)(2) in its rejection of Best's filing. There is no evidence that the State Clerk analyzed the petition under N.Y. CPLR § 7002(b)(5). Still, while the Court need not reach this point and will defer to the state review process, the Court notes that is not clear that Best's petition was properly filed with respect to any of the alternative venues permitted under N.Y. CPLR § 7002(b)(5). Best filed his petition with the Appellate Division, Second Department, addressing the petition to the Presiding Justice of the Appellate Division of the Second Department at that court's address in Brooklyn, New York. Brooklyn is located in Kings County. Best's charge is pending in Queens County. On its face, therefore, it is not clear that Best's filing satisfies the requirement that a petition be filed in the "supreme court in the county in which the charge for which the inmate is being detained is pending . . . ." N.Y. CPLR § 7002(b)(5). While the Appellate Division of the Second Department is responsible for hearing appeals from Queens County, it is not clear that the court qualifies as a "supreme court *in* the county in which the charge is pending . . . ." N.Y. CPLR § 7002(b)(5) (emphasis added). It is not physically located in that county and the Court has not found case law on point construing N.Y. CPLR § 7002(b)(5) in a way that would support Best's position. Similarly, with respect to the option for a petitioner to file his claim with "any justice of the supreme court provided that the writ shall be made returnable before a justice of the supreme court held in the county" in which the charge is pending, Best's petition was made returnable "at the courthouse located at 45 Monroe Place, Brooklyn, New York . . . ." Dkt. 2 at 7. Therefore, assuming that N.Y. CPLR § 7002(b)(5) permits a petition to be made to a supreme court justice of the Appellate Division, it is not clear that Best's petition satisfies the requirement under N.Y. CPLR § 7002(b)(5) that such a petition be made "made returnable before a justice of the supreme court *held in* the county in which the charge for which the inmate is being detained is pending . . . ." N.Y. CPLR § 7002(b)(5) (emphasis added). Because the petition was made returnable to a court in Kings County, it appears that it does not.

5

defective charging instrument; rather, the cases merely permit a petitioner to seek habeas relief in state court, consistent with this Court's June 9, 2014 Opinion.

## II.     Conclusion

For the reasons stated above, Best's motion for reconsideration is denied.

SO ORDERED.

Dated:  July 23, 2014  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge